IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                  No. 16-cr-2705 RB

**JOHN WAYNE HARGROVE,**

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant John Wayne Hargrove's (hereinafter Defendant's) Sentencing Memorandum and Objections to the Presentence Report. (Doc. 183.) Having considered the submissions of counsel and being fully advised, the Court will overrule Defendant's Objections.

**I.**     **Background**

On February 8, 2016, Border Patrol agents intercepted seven backpackers near an abandoned trailer home near Rodeo, New Mexico. (Doc. 1.) Agents arrived at the trailer and found several vehicles, a school bus, and a tractor. (*Id.*) Agents searched the area and found Defendant, Ms. Richter, and Mr. Silvas-Hinojos inside the cab of a pickup truck. (*Id.*) Ms. Richter was in the driver's seat, Defendant was in the passenger seat, and Mr. Silvas-Hinojos was behind the passenger seat. (*Id.*) The pickup truck contained 297.25 pounds of marijuana. (*Id.*) A semi-automatic pistol with seven rounds in the magazine was on the dashboard and a loaded rifle was behind the seat. (*Id.*) The pickup truck was registered to Defendant and he voluntarily informed the agents of the presence of the firearms when he was seized. (*Id.*)

Defendant stated that he had no knowledge of the marijuana, he was in the area to fish, and he thought the bundles of marijuana were alfalfa. (*Id.*)

The Indictment charged Defendant with two counts: (1) conspiracy to commit distribution of 100 kilograms and more of marijuana, in violation of 21 U.S.C. § 846; and (2) possession with intent to distribute 100 kilograms and more of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2. (Doc. 66.) The Indictment charged Janelle Richter, Anselmo Eduardo Inzunza-Robles, and Juan Carlos Nava-Jurado with the same crimes. (*Id.*) Mr. Inzunza-Robles was also charged with reentry after deportation, in violation of 8 U.S.C. §§1326(a) and (b). (*Id.*) Ms. Richter, Mr. Inzunza-Robles, and Mr. Nava-Jurado pleaded guilty pursuant to plea agreements. (*Id.*) Defendant proceeded to trial. (Doc. 137.) On October 18, 2016, a jury convicted Defendant of both counts. (Doc. 141.)

The Presentence Report determined Defendant's base offense level is 24, *see* U.S.S.G. §2D1.1(a)(5); a two-level firearm enhancement applies, *see* § 2D1.1(b)(1); and a two-level decrease applies because Defendant was a minor participant. *See* U.S.S.G §3B1.2(b). Based on a total offense level of 24 and a criminal history category of I, the guideline imprisonment range is 51 to 63 months. However, the mandatory minimum sentence is 60 months, which is greater than the minimum of the guideline range; therefore, the actual guideline range is 60 to 63 months. *See* U.S.S.G. §5G1.2(b). (Presentence Report ¶ 58.)

In his Sentencing Memorandum and Objections to the Presentence Report, Defendant contends that he is eligible for the safety valve reduction and the firearm enhancement is inapplicable. (Doc. 183.) The Government responds that Defendant is ineligible for the safety valve reduction and the firearm enhancement applies. (Doc. 186.)

## II. Discussion

### A. Defendant is ineligible for the safety valve reduction.

Defendant's convictions are subject to a statutory mandatory minimum sentence of 60 months. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B). However, if it is applicable, the safety valve provision would permit the Court to sentence Defendant without regard to the statutory mandatory minimum and reduce Defendant's guideline offense level by two points. *See* 18 U.S.C. § 3553(f); U.S.S.G. §§ 2D1.1(b)(16), 5C1.2(a).

A defendant is eligible for the safety valve reduction if he meets five criteria: (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense; and (5) the defendant truthfully provided to the government all information and evidence the defendant has concerning the offense or offenses. *See* 18 U.S.C. § 3553(f). If the defendant satisfies all five of the statutory criteria, the statutory mandatory minimum is inapplicable and the sentencing guidelines allow for a two-level reduction in the defendant's base offense level. *See* U.S.S.G. §§ 2D1.1(b)(16), 5C1.2(a). The defendant bears the burden of proving that he is eligible for the safety valve reduction by a preponderance of the evidence. *See United States v. Stephenson*, 452 F.3d 1173, 1179 (10th Cir. 2006).

Here, the government acknowledges that Defendant meets four of the five criteria. The only question at issue is whether Defendant possessed the firearms "in connection with the offense." *See* 18 U.S.C. § 3553(f)(a); U.S.S.G. § 5C1.2(a)(2). In making this determination, "courts have focused on the defendant's conduct, whether through actual or constructive

possession of a firearm, to determine if the firearm is connected with the drug trafficking offense . . ." *United States v. Andrade-Vargas*, 459 F. App'x 762, 767 (10th Cir. 2012) (unpublished) (citations omitted). The Tenth Circuit has explained that "a firearm's proximity and potential to facilitate the offense may be sufficient to prevent application of the safety valve provision." *Id.* "The mere propinquity of the weapons and drugs suggests a connection between the two." *United States v. Payton*, 405 F.3d 1168, 1171 (10th Cir. 2005).

Both proximity and the potential to facilitate the offense are present in this case. The firearms were located in the cab of the pickup truck with Defendant and the marijuana. A semi-automatic pistol with seven rounds in the magazine was on the dashboard and a loaded rifle was behind the seat. Defendant was sitting in the front seat of the pickup truck. The pickup truck was registered to Defendant and he voluntarily informed the agents of the presence of the firearms when he was seized. The presence of the firearms was not coincidental or entirely unrelated to the drug transaction. *See Payton*, 405 F.3d at 1171 (explaining that the proximity of a weapon to narcotics can demonstrate the necessary connection). Even if the firearms did not directly facilitate the drug transaction, they certainly had the potential to do so. Under these circumstances, Defendant has not met his burden by a preponderance of the evidence to demonstrate eligibility for the safety valve. Thus, Defendant is subject to the statutory mandatory minimum sentence of 60 months.

**B.     The Presentence Report correctly applies the firearm enhancement.**

Defendant objects to the Presentence Report's application of the two-level firearm enhancement. Section 2D1.1(b)(1) provides for a two-level enhancement for the possession of a dangerous weapon in connection with a drug-trafficking offense. *See* U.S.S.G. § 2D.1.1(b)(1). "The enhancement for weapon possession in subsection (b)(1) reflects the increased danger of

violence when drug traffickers possess weapons." U.S.S.G. § 2D1.1, cmt. 11(A). The government bears the initial burden of proving the firearm enhancement applies. *United States v. Zavalza–Rodriguez*, 379 F.3d 1182, 1185 (10th Cir. 2004). The firearm enhancement is then appropriate unless the defendant proves the exception, i.e., that it is clearly improbable the weapon was connected with the offense. *Id*.

The initial burden "is satisfied when the government demonstrates that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." *United States v. Hall*, 473 F.3d 1295, 1312 (10th Cir. 2007). The necessary showing is made where there is "[e]vidence that the weapon was found in a location where drugs or drug paraphernalia is stored." *Id.* In this case, the guns were located in the cab of pickup truck with Defendant and the marijuana. A semi-automatic pistol with seven rounds in the magazine was located on the dashboard and a loaded rifle was behind the seat. Indeed, Defendant concedes that the government satisfied its initial burden.

The burden then shifts to Defendant to show that it is "clearly improbable" that either gun was "connected with" the drug trafficking activity and Defendant. *United States v. Thomas*, 749 F.3d 1302, 1317 (10th Cir. 2014). Defendant asserts that it was clearly improbable that the firearms in the pickup truck were connected to the offense because there was no evidence that he brandished the weapons, threatened anyone, or informed the backpackers that the guns were in the pickup truck. These assertions, if proven, would be insufficient to show that it is clearly improbable that either gun was connected with the drug trafficking activity and Defendant.

Notably, "merely possess[ing] a dangerous weapon" is sufficient to trigger application of the firearm enhancement. *See also United States v. Beltran*, 571 F.3d 1013, 1021-22 (10th Cir. 2009) (concluding that it was not clearly improbable that a firearm was connected to a drug

offense where the defendant possessed a firearm in his jacket pocket during a controlled buy even though he "did not attempt to sell it or disclose its presence to anyone"). Defendant clearly possessed two firearms during the marijuana trafficking offenses. Defendant need not have brandished the weapons, threatened anyone, or informed others about the firearms in order for the firearm enhancement to apply. Defendant has not shown that it was clearly improbable that the firearms were connected to the offenses. Therefore, the Presentence Report correctly applied the two-level firearm enhancement of Section 2D1.1(b)(1).

## III. Conclusion

Defendant is subject to the statutory mandatory minimum sentence of 60 months, Defendant is ineligible for the safety valve reduction, and the Presentence Report correctly applied the firearm enhancement.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Sentencing Memorandum and Objections to the Presentence Report (Doc. 183) are **OVERRULED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**